**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

| | |
|---|---|
| IN RE: DAVID & STEPHANIE ROFKAHR<br>      DEBTORS | NO. 2:23-bk-71703<br>CH. 13 |
| DAVID ROFKAHR; and<br>STEPHANIE ROFKAHR | PLAINTIFFS |
| vs. | AP CASE NO. 2:24-ap-07047 |
| CITIZENS BANK & TRUST COMPANY | DEFENDANT |

**PROPOSED RULE 26(f) REPORT**

Come now, Plaintiff and Defendant ("Parties"), by and through their respective attorneys, and for their Rule 26(f) Report, respectfully state as follows:

1. **Any changes in time, form, or requirements of mandatory disclosures under Fed. Rule of Civil Proc. 26(a).**

   No.

2. **Date when mandatory disclosures were or will be made.**

   Parties will make their mandatory disclosures under Rule 26(a) on or before 12/26/2024.

3. **Subjects on which discovery may be needed.**

   a. Details of Plaintiff's claims as described in the Complaint;
   b. Details of the Defendant's defenses as described in the Answer;
   c. Defendant's policies and procedures related to issues in the case;
   d. Details of Plaintiff's damages;
   e. Plaintiff reserves the right to seek discovery on other issues relevant to the Complaint.

4. **Whether any party will likely be requested to disclose or produce information from electronic or computer-based media.**

   Both parties anticipate seeking disclosure of electronic or computer-based information.

   a. **Whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;**

   Parties anticipate that production will be in the ordinary course of business.

    b. **The anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;**

    None at this time.

    c. **The format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;**

    If such discovery is determined to be needed, the parties will cooperate in determining the format and media for the production of such data as well as the procedures for such production.

    d. **Whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;**

    Attorneys for each party have directed the party to preserve potentially discoverable data from alteration or destruction.

    e. **Other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.**

    None at this time.

5. **Any needed changes in limitations imposed by the FRCP or FRBP**

    None at this time.

6. **Any Order, e.g. protective orders, which should be entered.**

    None at this time.

7. **Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

    None at this time.

8. **Proposed trial dates.**

    Parties would propose a trial be set for either the 8/22/2025, 12/10/2025, or the following Fort Smith divisional date in 2026 depending on the Court's availability. Parties estimate a potential three day non-jury trial.

20680830.1:013201.00002

**9. Proposed deadline for joining other parties and amending the pleadings.**

120 days before the trial date.

**10. Proposed deadline for completing discovery.**

90 days prior to trial.

**11. Proposed deadline for filing motions.**

76 days prior to trial; motions in limine 14 days prior to trial.

Respectfully Submitted,

Hall, Estill, Hardwick, Gable, Golden, & Nelson, P.C.
75 N. East Ave., Suite 500
Fayetteville, AR 72701
479-935-5200
mhubbard@hallestill.com

By: */s/Wm. Marshall Hubbard*
Wm. Marshall Hubbard (2011285)
*Plaintiffs' Counsel*

And

Brister Law Firm, PLLC
800 Highway 71 North
Alma, AR 72921
479-632-2446
sean@bristerlawfirm.com

By: */s/Sean Brister*
Sean Brister (2003160)
*Defendants counsel*

3